**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JENNIFER HOLT, individually and on behalf of all others similarly situated, | Case No.      21-cv-294-RAW |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)** |
| CASELY, INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.      Plaintiff, Jennifer Holt, brings this action against Defendant, Casely, Inc. to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**NATURE OF THE ACTION**

2.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

3.      Defendant markets and sells cellular telephone accessories.[1]

4.      To promote its goods and services, Defendant engages in telephonic sales calls using text messages and ignores requests that it stop.

5.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

---

[1] GetCasely.com

6.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

7.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

8.      Specifically, Defendant directed, or caused to be initiated and directed the transmission of telemarketing text messages to Plaintiff's cellular telephone which has an area code of 580. The 580-area code specifically coincides with locations in Oklahoma and Plaintiff received such messages while residing in and physically present in Oklahoma.

## PARTIES

9.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of McCurtain County, OK.

10.     Defendant is a New York corporation. Defendant directs, markets, and provides its business activities throughout the United States, including throughout the state of Oklahoma.

11.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

12.     Starting on or about April 29, 2021, Defendant caused the following text messages to be transmitted to Plaintiff's cellular telephone number ending in 1706 ("1706 Number"):



13.     On April 29th, 2021, May 7, 2021, May 9, 2021, May 15, 2021, May 7, 2021, September 14, 2021 an September 22, 2021, Plaintiff responded "STOP" in order to stop Defendant from continuing to send Plaintiff text messages.

14.     Despite Plaintiff's repeated requests that it cease sending Plaintiff text messages, Defendant continued to do so through September 22, 2021.

15.     The purpose of these text messages was to promote and market Defendant's products, goods and or services.

16.     At the time Plaintiff received these text messages Plaintiff was the subscriber and/or sole user of the 1706 Number.

17.     Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

18.     Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

19.     Plaintiff never gave Defendant consent to send Plaintiff marketing text messages and any consent Defendant may claim to have had was revoked by Plaintiff when Plaintiff requested that Defendant stop sending Plaintiff text messages.

20.     Defendant failed to honor or abide by Plaintiff's opt-out request and continued to repeatedly text message Plaintiff after Plaintiff asked for the messages to stop.

21.     Defendant sent Plaintiff no less than seven (7) text message solicitations after Plaintiff's initial stop request on April 29, 2021.

22.     Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's lack of a written policy for maintaining internal do not call procedures.

23.     Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to institute procedures for maintaining a list of persons who request not to receive telemarketing calls.

24.     Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to maintain an internal do not call list, as well as inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list.

25.     Defendant's failure to abide by Plaintiff's opt-out requests demonstrates that Defendant does not record opt-out requests or place subscribers' names and telephone number on any do-not-call list at the time the requests are made.

26.     Defendant's unsolicited calls caused Plaintiff to suffer injuries including annoyance and disruption to Plaintiff's daily life, as well as violation of Plaintiff's legal rights under the TCPA.

## CLASS ALLEGATIONS

### PROPOSED CLASS

27.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

28.     Plaintiff brings this case on behalf of the Class defined as follows:

**Internal Do Not Call Class**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message from Defendant or anyone on Defendant's behalf, (2) promoting Defendant's products, goods or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future text messages, including, but not limited to, by replying "stop" to Defendant's text messages.

29.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

30.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

31.     Upon information and belief, Defendant has placed calls to cellular telephone numbers belonging to thousands of consumers. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records, which contains the date, time, content, and recipient of each of Defendant's text message solicitations, as wells as inbound messages like Plaintiff's "end"

### COMMON QUESTIONS OF LAW AND FACT

33.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are: [1] Whether Defendant initiated telemarketing calls to telephone numbers; [2] Whether Defendant continued to text message individuals after they requested for the messages to stop; [3] Whether Defendant failed to properly maintain and internal do not call list and procedures; [4] Whether Defendant's conduct was knowing and willful; [5] Whether Defendant is liable for damages, and the amount of such damages; and [6] Whether Defendant should be enjoined from such conduct in the future.

34.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits unsolicited text messages to telephone is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

35.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

36.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

39.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

40.     In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum

standards:

(1) ***Written policy.*** Persons or entities making calls for
telemarketing purposes must have a written policy,
available upon demand, for maintaining a do-not-call list.

(2) ***Training of personnel engaged in telemarketing.*** Personnel
engaged in any aspect of telemarketing must be informed and trained in the
existence and use of the do-not-call list.

41.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are
applicable to any person or entity making telephone solicitations or telemarketing calls to wireless
telephone numbers.

42.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant
not to receive calls from Defendant.

43.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members
opt-out requests.

44.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to
implement a written policy for maintaining a do-not-call list and to train its personnel engaged in
telemarketing on the existence and use of the do-not-call-list.

45.     Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

46.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call
Class members are entitled to an award of $500.00 in statutory damages, for each and every
negligent violation.

47.     As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do
Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

48.     Plaintiff and the Internal Do Not Call Class members are also entitled to and seek
injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section
227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and its implementing regulations, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §§ 227.

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and its implementing regulations, Plaintiff seeks for Plaintiff and each member of the Classes treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

f) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

g) An injunction requiring Defendant to cease all text messaging activity to individuals who have requested to be removed from Defendant's contact list;

h) A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

i) A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii) were willful and knowing; and

j) Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

---

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Respectfully submitted,

Dated: September 30, 2021

/s/Michael Eisenband
**EISENBAND LAW, P.A.**
Michael Eisenband
Florida Bar No. 94235
MEisenband@Eisenbandlaw.com
515 E Las Olas Blvd, Suite 120
Fort Lauderdale, Florida 33301
Telephone: (954) 533-4092

Attorneys for Plaintiff and the Proposed Class